V. James DeSimone (SBN: 119668)
**vjdesimone@gmail.com**
Carmen D. Sabater (SBN: 303546)
**cds820@gmail.com**
Diem T. Ha (SBN: 328441) Of-Counsel
**dha@bohmlaw.com**
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone:  310.693.5561
Facsimile:   323.544.6880

Attorneys for PLAINTIFF,
NICHOLAS STERN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS STERN,<br><br>        PLAINTIFF,<br><br>        v.<br><br>CITY OF LOS ANGELES, a municipal entity; CHIEF MICHEL MOORE; DOE ARRUE; DOE CLARK; DOE MARTIN; and DOES 1-100 inclusive,<br><br>        DEFENDANTS. | Case No:   2:21-CV-03760<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br>**First Amendment Violation (42 U.S.C. 1983)**<br>**Fourth Amendment Violation (42 U.S.C. § 1983)**<br>**Violation of Bane Civil Rights Act (Civil Code § 52.1)**<br>**Assault and Battery**<br>**Negligence**<br>**Intentional Infliction of Emotional Distress**<br>**Negligent Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Stern v. City of Los Angeles, et al.*
Case No.: 2:21-CV-03760

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Diem T. Ha, Esq.

1    PLAINTIFF, NICHOLAS STERN (hereinafter "PLAINTIFF" or "Mr.
2    STERN"), respectfully submits this Complaint against DEFENDANTS CITY OF
3    LOS ANGELES (hereinafter "THE CITY"), Police Chief MICHEL MOORE
4    (hereinafter "CHIEF MOORE"), DOE ARRUE (hereinafter "ARRUE"), DOE
5    CLARK (hereinafter "CLARK"), DOE MARTIN (hereinafter "MARTIN"), and
6    DOES 1-100 (hereinafter collectively DEFENDANTS), inclusive, for Damages and
7    Demand for Jury Trial and alleges as follows:

8    **NATURE OF ACTION**

9        1.    This civil rights action seeks compensatory damages against
10   DEFENDANTS and punitive damages only from DEFENDANTS CHIEF
11   MOORE, ARRUE, CLARK, MARTIN, and DOES 1-100 for violating various
12   rights under the United States Constitution and state law in connection with
13   officers' unjustified assault and use of excessive force of NICHOLAS STERN
14   while he was documenting the protests in Los Angeles as a member of the press by
15   DEFENDANTS ARRUE, CLARK, MARTIN, and DOES 1-100 of the Los
16   Angeles Police Department (hereinafter "LAPD").

17       2.    This action arises out of protests across the United States and other
18   nations following the murder of George Floyd by officers with the Minneapolis
19   Police Department.  After the deaths of Breonna Taylor and Ahmaud Arbery and
20   others, hundreds of thousands of people around the country and globe
21   simultaneously expressed the collective condemnation for the deaths of Black,
22   Indigenous and People of Color (hereinafter "BIPOC") men and women at the
23   hands of law enforcement and vigilantes condoned by local law enforcement and
24   their support for the Black Lives Matter movement.  Large demonstrations occurred
25   in the Los Angeles area, and the vast majority of the participants were peaceful,
26   principled individuals exercising their First Amendment Right to assemble to seek
27   redress for grievances. Members of the press were also present, documenting the
28   events as a right afforded to them under the First Amendment.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Stern v. City of Los Angeles, et al.*                         V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                                        Carmen D. Sabater, Esq.
                                                               Diem T. Ha, Esq.

3.      Over the course of approximately a week, the LAPD arrested more than 2600 individuals engaged in peaceful protest, recklessly shot directly at unarmed and peaceful citizens with less lethal rubber bullets, tear gas bombs, pepper spray projectiles, and used batons to unnecessarily strike people, thereby using excessive and unreasonable force causing injury and harm to law abiding protestors and members of the press.  Moreover, given the green light to use less lethal projectiles to thwart free speech and freedom of the press, LAPD officers targeted members of the press to violent assaults by shooting less lethal rounds directly at them without justification, provocation, or warning.

4.      THE CITY has been repeatedly sued for the tactics the LAPD engaged in over the course of the above-mentioned arrests.  The LAPD used, excessive force with reckless operation of police armament including, but not limited to, tear gas bombs, rubber bullets, other less-lethal projectiles, and batons, and neglected to provide care for injured citizens. By violently and with reckless disregard for the safety of citizens firing projectiles into a crowd of unarmed and peaceful protestors and members of the press, including PLAINTIFF, DEFENDANTS violated Mr. STERN's rights under the United States and California Constitutions.

5.      At all relevant times, DEFENDANTS ARRUE, CLARK and MARTIN were members of the LAPD and were duly authorized employees of the County, acting under color of law within the course and scope of their respective duties as LAPD officers and with the complete authority and ratification of the DEFENDANT THE CITY.

6.      DEFENDANTS ARRUE, CLARK, MARTIN, and DOES 1-100 are directly liable for PLAINTIFF's injuries under state law pursuant to California Government Code § 820.

7.      DEFENDANTS, THE CITY, CHIEF MOORE, ARRUE, CLARK, MARTIN, and DOES 1-100 also proximately caused Mr. STERN's injuries and are liable under state law pursuant to California Government code §§ 815.2 and 820.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Stern v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                                              Carmen D. Sabater, Esq.
                                                                                          Diem T. Ha, Esq.

8.     DEFENDANTS ARRUE, CLARK, MARTIN, and DOES 1-100 ("DOE OFFICERS") are directly liable for PLAINTIFF's injuries under federal law pursuant to 42 U.S.C. § 1983.

9.     DEFENDANTS THE CITY, CHIEF MOORE, and DOES 1-100 also proximately caused PLAINTIFF's injuries and are liable under state and federal law and under principles set forth in *Monell v. Department of Social* Services, 436 U.S. 658 (1978).

10.    DEFENDANT THE CITY by summarily rejecting Mr. STERN's Claim for Damages, have proven unwilling to accept responsibility for the wrong committed by their officers. The CITY continues to violate citizens' rights by ignoring the allegations and preventing these incidents from happening.

11.    The policies and customs behind assaulting peaceful members of the press such as Mr. STERN'S are fundamentally unconstitutional and constitute a menace of major proportions to the public.  Accordingly, insofar as Mr. STERN herein seeks by means of this action to hold accountable those responsible for the unjustified assault, use of force, and failure to provide proper emergency care of Mr. STERN.

## PARTIES AND THEIR AGENTS

12.    PLAINTIFF Mr. STERN is an adult male over the age of eighteen (18), and at all times mentioned in this Complaint was a resident of the County of Los Angeles, California.

13.    At all relevant times mentioned herein, PLAINTIFF is a member of the press. He is a member of the National Press Photographers Association, and British Press Photographers Association, and his work has been published in major publications in the United States and internationally such as CNN, Newsweek, The BBC, and Time.

14.    DOE ARRUE (hereinafter "ARRUE") is an individual and an officer of the LAPD during the time of the incidents. ARRUE was under the direct

PLAINTIFF'S COMPLAINT FOR DAMAGES
*Stern v. City of Los Angeles, et al.*
Case No.: 2:21-CV-03760
V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Diem T. Ha, Esq.

1   supervision, employ, agency and control of LAPD. Plaintiff is informed and

2   believes, and thereon alleges, that ARRUE is, and at all relevant times has been a

3   resident of California.

4       15.   DOE CLARK (hereinafter "CLARK") is an individual and an officer

5   of the LAPD during the time of the incidents. CLARK was under the direct

6   supervision, employ, agency and control of LAPD. Plaintiff is informed and

7   believes, and thereon alleges, that CLARK is, and at all relevant times has been a

8   resident of California.

9       16.   DOE MARTIN (hereinafter "MARTIN") is an individual and an

10  officer of the LAPD during the time of the incidents. MARTIN was under the direct

11  supervision, employ, agency and control of LAPD. Plaintiff is informed and

12  believes, and thereon alleges, that MARTIN is, and at all relevant times has been a

13  resident of California.

14      17.   PLAINTIFF is informed and believed DOES 1-100 are individuals

15  living in the County of Los Angeles, California.  At all relevant times, DOES 1-100

16  were public employees and agents of DEFENDANT THE CITY and were acting

17  with the course and scope of their respective duties as police officers and with

18  complete authority and ratification of their principal DEFENDANT THE CITY.

19      18.   At all relevant times, DEFENDANTS DOES 1-100 were duly

20  appointed officers and/or employees or agents of THE CITY subject to oversight

21  and supervision by THE CITY'S elected and non-elected officials.

22      19.   PLAINTIFF is informed and believes, and thereon alleges, that DOES

23  1-100 were agents, servants, and employees of DEFENDANT THE CITY and/or

24  the LAPD.   PLAINTIFF is ignorant of the true names and capacities of

25  DEFENDANTS sued herein as DOES 1-100, inclusive, and therefore sue these

26  DEFENDANTS by such fictitious names.  PLAINTIFF will amend this Complaint

27  to allege their true names and capacities when ascertained. As such, the individual

28  DOE DEFENDANTS are sued in both their individual and official capacities.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Stern v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                                   Carmen D. Sabater, Esq.
                                                         Diem T. Ha, Esq.

20.    In doing the acts and failing and omitting to act as hereinafter described, DEFENDANTS DOES 1-100 were acting on the implied and actual permission and consent of THE CITY and CHIEF MOORE.

21.    DEFENDANT THE CITY is a municipal corporation duly organized and existing under the Constitution and laws of the State of California. LAPD is a local government entity and an agency of THE CITY, and all actions of the LAPD are the legal responsibility of THE CITY. THE CITY is sued in its own right on the basis of its policies, customs, and practices that gave rise to PLAINTIFF's federal rights claims.

22.    DEFENDANT CHIEF MICHEL MOORE is, and was, at all times relevant to this action, the LAPD police chief and a policymaker for his department. He is sued in both his individual and official capacities.

23.    All DEFENDANTS who are natural persons, including DOES 1-100, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for THE CITY.

24.    DEFENDANTS are liable for PLAINTIFF's injuries under California law and under the doctrine of *respondeat superior*.  Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2 and 820.

25.    At all times mentioned herein, each and every DEFENDANT was the agent of each and every other DEFENDANT and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every DEFENDANT herein.

26.    PLAINTIFF timely filed a government claim with THE CITY on or around September 25, 2020, which was denied on or around November 17, 2020. PLAINTIFF filed this action within six months of THE CITY's denial of his claim. Accordingly, PLAINTIFFS have complied with the requirements of the California

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Stern v. City of Los Angeles, et al.*
Case No.: 2:21-CV-03760

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Diem T. Ha, Esq.

1    Government Claims Act.

2       27.    Finally, at all relevant times mentioned herein, all DEFENDANTS

3    acted as agents of all other DEFENDANTS in committing the acts alleged herein.

4                      **JURISDICTION AND VENUE**

5       28.    This Court has subject matter jurisdiction over PLAINTIFF's claims

6    pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights

7    jurisdiction).   This Court has jurisdiction to issue declaratory or injunctive relief

8    pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

9       29.    Venue is proper in the Central District of California pursuant to 28

10   U.S.C. § 1391, as all DEFENDANTS and the events giving rise to the claims herein

11   occurred in the Central District of California.

12            **FACTS COMMON TO ALL CAUSES OF ACTION**

13      30.    On or around May 30, 2020, during the protests related to George

14   Floyd and other deaths of BIPOC individuals by the hands of police officers, Mr.

15   STERN documented the protests as a freelance journalist near the 3rd Street and

16   West of Fairfax Avenue in the City of Los Angeles.

17      31.    Throughout the LAPD involved incidents, Mr. STERN was

18   completely compliant, wore his identifiable press badge, and peacefully carried his

19   hefty camera equipment.

20      32.    The first incident took place when the protests that were marching

21   stopped in front a LAPD police line on Fairfax Ave near 3rd Street at approximately

22   2:00 p.m. Mr. STERN, while at the front of the group of the protestors, participated

23   in his First Amendment protected speech and press activities by taking photos at

24   the demonstration.

25      33.    LAPD officers, who Mr. STERN is informed and believes are ARRUE

26   and CLARK, and other unidentified LAPD officers, repeatedly and aggressively

27   struck Mr. STERN forcefully in his ribs with a baton in an effort to deter his First

28   Amendment protected activities and in violation of, among other things, the Fourth

---

7

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Amendment to the United States Constitution.  The LAPD officers did not give any audible order to suggest that Mr. STERN was doing anything unlawful nor were any dispersal orders given before they began battering him.

34.    This incident inflicted pain in Mr. STERN's rib area, which lasted for approximately two weeks.

35.    The second incident occurred on May 30, 2020, at approximately 3:00 p.m., after Mr. STERN moved away from the group of protesters and used his press credentials to access the sidewalk behind the police line.  While he initially moved there to seek safety from further LAPD officers' harassment, Mr. STERN realized he was still in danger when he looked through his camera's viewfinder and saw an LAPD Officer, who Mr. STERN is informed and believes is MARTIN, directly pointing a less lethal weapon at Mr. STERN.  With his camera in his right hand, Mr. STERN used his left hand to pull up his press credentials to inform MARTIN that he was a member of the press, but MARTIN did not respond.  Rather, with no pretext, MARTIN fired his non-lethal weapon directly at Mr. STERN with obvious intent to cause him great bodily harm.  The rubber bullet forcefully hit Mr. STERN's upper right thigh. Mr. STERN was able to capture MARTIN shooting at Mr. STERN using his right hand. Mr. STERN's entire body jerked from impact, which caused him to accidentally drop his camera due to the shock.  The impact of the rubber bullet left Mr. STERN in severe pain, which made it difficult for Mr. STERN to walk and caused him to limp.  The impact formed a large bruise on Mr. STERN's thigh.

36.    The third incident transpired the same day at approximately 3:10-3:20 p.m. Although Mr. STERN was in severe pain, he believed it was his civic duty to remain in the area documenting the protests. However, again, he was assaulted when he was grazed by a rubber bullet near his left knee.  It is unknown to Mr. STERN at this time of the identity of the LAPD officer that shot the rubber bullet that hit his left knee.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Stern v. City of Los Angeles, et al.*                                          V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                                            Carmen D. Sabater, Esq.
                                                                                            Diem T. Ha, Esq.

37.    Then, at approximately 4:10-4:20 p.m., while Mr.  STERN and a fellow female journalist were walking away from 3rd Street along South Fairfax Avenue, outside Mendocino Farms, Mr.  STERN witnessed his fellow journalist get shoved to the ground by a LAPD officer for no reason and unprovoked.  Mr. STERN, in fear for his safety due to the continued harassment from the LAPD, proceeded to leave the protests early.

38.    LAPD intentionally subjected Mr. STERN to multiple physical injuries and pain, including multiple contusions on his ribs and thigh, diminished mobility, and capacity to work for days, trauma and emotional distress.  In their aggressive treatment of Mr.  STERN, LAPD officers not only violated his Constitutional rights and California Civil Codes, but these unlawful incidents also caused Mr. STERN, physical pain, trauma, mental harm and emotional distress.

39.    THE CITY, through CHIEF MOORE and the LAPD, has failed to train its officers in the constitutional response to peaceful demonstrations as revealed by the above-described allegations.  DEFENDANTS have a custom of using excessive force against peaceful protestors, shooting less lethal projectiles, ramming police vehicles into people participating peacefully at lawful assemblies and applying policies and sanctioning actions that cause severe injury and permanent damage, without warning or command, based on reckless disregard for human life or specious group "suspicion."    THE CITY has been aware of deficiencies in its training since at least 2000 followed by settlement agreements in June 2005 and June 2009 to revise policies and training.  THE CITY is subject to prior Court Orders stating that,  "[l]ess lethal munitions may only be deployed on aggressive and/or combative subjects in a crowd control situation." Yet LAPD officers repeatedly targeted individuals who were in no way aggressive or combative with less lethal munitions causing severe injury. The unlawful crowd control, excessive use of force, inter alia, DEFENDANTS utilized against Mr. Stern and others fail constitutional requirements.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Stern v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                                             Carmen D. Sabater, Esq.
                                                                                      Diem T. Ha, Esq.

## **MONELL ALLEGATIONS**

40.     Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), DEFENDANT THE CITY is liable for all or all injuries sustained by Plaintiffs as set forth herein. THE CITY bears liability because its policies, practices and/or customers were a cause of and moving force for PLAINTIFF's injuries, and/or because THE CITY ratified the unlawful actions of its employees that caused Mr. STERN's injuries. THE CITY and its supervisory officials, including DEFENDANT CHIEF MOORE, maintained or permitted one or more of the following policies, customs or practices which displayed reckless and deliberate indifference to the constitutional rights of persons such as PLAINTIFF and were a direct cause of PLAINTIFF's damages:

a.      In the wake of the Derek Chauvin murder of George Floyd, THE CITY and LAPD knew that there would large groups of peaceful protestors exercising their First Amendment Rights and who should be protected and respected, so those rights are not infringed.  THE CITY and LAPD also knew there was a possibility that a minority would engage in criminal activity including property destruction and looting.   THE CITY, through the LAPD, directed, condoned, encouraged its Officers to disperse the large crowds in violation of their First and Fourth Amendment rights through violent assaults with less lethal projectiles and baton strikes.   Moreover, these violent assaults occurred while those looting and destroying property were often ignored;

b.      By employing and retaining as police officers and other personnel, including DEFENDANTS ARRUE, CLARK, MARTIN, and DOES 1-100, who DEFENDANTS THE CITY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority by using excessive force, and for mistreating citizens by failing to follow written Police Department's policies

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Stern v. City of Los Angeles, et al.*                                                        V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                                                                  Carmen D. Sabater, Esq.
                                                                                                         Diem T. Ha, Esq.

of THE CITY, including the use of excessive force and reckless disregard for human life and safety;

c.     By failing to provide adequate training and supervision to police officers with respect to constitutional limits on the use of 37 and 40 mm munitions, batons, tasers and other so called "less lethal" weapons;

d.     By failing to provide adequate training and supervision for THE CITY's police officers on how to respond properly to peaceful protests and/or members of the press during peaceful protests;

e.     By inadequately supervising, training, controlling, assigning, and disciplining THE CITY police officers, and other personnel, including DEFENDANTS ARRUE, CLARK, MARTIN, and DOES 1-100, who DEFENDANTS CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence, reckless disregard for human life and safety, and the use of excessive force;

f.     By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DEFENDANTS ARRUE, CLARK, MARTIN, and DOES 1-100, who are THE CITY's employees and police officers;

g.     By failing to adequately train officers, including DEFENDANTS ARRUE, CLARK, MARTIN, and DOES 1-100, and failing to institute appropriate policies, regarding constitutional procedures and practices for use of force and reckless disregard for human life and safety;

h.     By failing to discipline or retrain THE CITY police officers' including DEFENDANTS ARRUE, CLARK, MARTIN, and DOES 1-100, for conduct such as use of force and reckless disregard for human life and safety;

i.     By condoning and encouraging of THE CITY's police officer, and other personnel, including DEFENDANTS ARRUE, CLARK, MARTIN,

11

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Stern v. City of Los Angeles, et al.*                                         V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                                                     Carmen D. Sabater, Esq.
                                                                                               Diem T. Ha, Esq.

and DOES 1-100, in the belief that they can violate the rights of persons, such as PLAINTIFF, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits; and

j.      By ratification by the highest levels of authority of the specific unconstitutional acts alleged in this Complaint.

41.      On multiple occasions, THE CITY has condoned, allowed, and/or encouraged the use of excessive force and the violation of the constitutional rights by its officers.

## FIRST CAUSE OF ACTION

## FIRST AMENDMENT TO THE U.S. CONSTITUTION (42 U.S.C. § 1983)

## (AGAINST ALL DEFENDANTS)

42.      The allegations PLAINTIFF sets forth in this complaint are hereby re-alleged and incorporated by reference.

43.      This cause of action is asserted against all DEFENDANTS.

44.      DEFENDANTS' conduct, described above, violated PLAINTIFF's rights to freedom of speech, assembly, and association under the First Amendment to the United States Constitution.

45.      Mr. STERN was engaged in constitutionally protected activity when he went with others on Fairfax near 3rd Street in Los Angeles and took photographs of the events as a freelance photographer.

46.      DEFENDANTS, including ARRUE, CLARK, MARTIN, and DOES 1-100 prevented Mr. STERN from continuing to engage in the protected activity by wrongfully assaulting and battering him, and using excessive force when prodding him with a baton and shooting him multiple times with less lethal projectiles.

47.      Further, DEFENDANTS, including ARRUE, CLARK, MARTIN, and DOES 1-100 used widespread excessive and unnecessary force against Mr. STERN and others gathered in peaceful protest.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Stern v. City of Los Angeles, et al.*
Case No.: 2:21-CV-03760

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Diem T. Ha, Esq.

48.   DEFENDANTS' conduct prevented Mr. STERN to freely express his First Amendment Rights, which is his right as a member of the press.

49.   The DEFENDANTS employed the above-mentioned tactics under baseless speculation of some potential unlawful activity by some unknown individual(s).

50.   Mr. STERN's protected activity under the First Amendment was a substantial or motivating factor in DEFENDANTS' conduct.

51.   DEFENDANTS' conduct was excessive and unreasonable as PLAINTIFF and posed no threat whatsoever, and especially no immediate threat of death or serious bodily injury at the time of the shooting and was not aggressive or combative. PLAINTIFF possessed his press credentials when he sustained his injuries without receiving any audible orders from DEFENDANTS.

52.   Further, DEFENDANTS ARRUE, CLARK, MARTIN and DOES 1-100, conduct of shooting of less lethal weapons and excessive use of force violated their training and police officer standard training.

53.   DEFENDANTS DOES, among whom are supervisors, are liable for their direct actions as supervisors which caused the deprivation of Mr. STERN's constitutional rights.

54.   DEFENDANTS THE CITY and CHIEF MOORE are liable pursuant to *Monell* because it maintained, condoned and/or permitted a policy, custom and/or practice of conscious disregard of and reckless indifference to Constitutional rights which was a moving force in the violation of Mr. STERN's rights and/or because it ratified the actions of its employees.

55.   DEFENDANT THE CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

56.   The failure of DEFENDANT THE CITY to provide adequate training caused the deprivation of PLAINTIFF' rights by DEFENDANTS ARRUE, CLARK, MARTIN and DOES 1-100; that is DEFENDANTS' failure to train is so

closely related to the deprivation of PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

57.     As a direct and legal result of DEFENDANTS' acts and omissions, Mr. STERN was injured and subjected to physical pain and suffering, and extreme and severe emotional distress.

58.     As alleged herein, DEFENDANT THE CITY, maintained, *inter alia*, unconstitutional customs, practices, and policies as set forth herein, including but not limited to:

a.      Directing, encouraging, promoting, tolerating and encouraging the use of unnecessary and excessive force;

b.      Employing and retaining as police officers and other personnel, including DEFENDANTS ARRUE, CLARK, MARTIN, and DOES OFFICERS, who DEFENDANTS THE CITY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority by using excessive force, and for mistreating citizens by failing to follow written LAPD's policies, including the use of excessive force and reckless disregard for human life and safety;

c.      Inadequately supervising, training, controlling, assigning, and disciplining police officers and other personnel, including DEFENDANTS ARRUE, CLARK, MARTIN, and DOES OFFICERS, who DEFENDANTS THE CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits including the propensity for violence, reckless disregard for human life and safety, and the use of excessive force;

d.      By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DEFENDANTS ARRUE, CLARK, MARTIN,

14

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Stern v. City of Los Angeles, et al.*
Case No.: 2:21-CV-03760

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Diem T. Ha, Esq.

1   and DOES OFFICERS, who employees and police officers of THE CITY;

2   e.      By failing to adequately train officers, including DEFENDANTS

3   ARRUE, CLARK, MARTIN, and DOES OFFICERS, and failing to institute

4   appropriate policies, regarding constitutional procedures and practices for

5   use of force and reckless disregard for human life and safety;

6   f.      By failing to discipline THE CITY police officers' conduct, including

7   DEFENDANTS ARRUE, CLARK, MARTIN, and DOES OFFICERS, for

8   use of force and reckless disregard for human life and safety;

9   g.      By ratifying the intentional misconduct of DEFENDANTS ARRUE,

10   CLARK, MARTIN, and DOES OFFICERS, and other police officers, who

11   are police officers of THE CITY, and commit unlawful use of force with

12   reckless disregard for human life and safety;

13   h.      By failing to properly and meaningfully investigate claims of reckless

14   disregard for human life and safety and excessive force by LAPD officers,

15   including DEFENDANTS ARRUE, CLARK, MARTIN, and DOES

16   OFFICERS; and

17   i.      By having and maintaining an unconstitutional custom and practice of

18   reckless disregard for human life and safety, using excessive force, failing to

19   obtain medical care, depriving persons of life, liberty, and property so as to

20   shock the conscience, which is also demonstrated by inadequate training

21   regarding these subjects.

22   j.       The customs and practices of THE CITY, DEFENDANTS ARRUE,

23   CLARK, MARTIN, and DOES OFFICERS, and DOE SUPERVISORS were

24   done with a deliberate indifference to individuals' safety and rights.

25   59.     DEFENDANTS THE CITY, CHIEF MOORE, ARRUE, CLARK,

26   MARTIN, and DOES 1-100 together with various other officials, whether named

27   or unnamed, had either actual or constructive knowledge of the deficient policies,

28   practices and customs alleged in the paragraphs above. Despite having knowledge

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Stern v. City of Los Angeles, et al.*                                         V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                                                    Carmen D. Sabater, Esq.
                                                                                          Diem T. Ha, Esq.

1  as stated above, these DEFENDANTS condoned, tolerated and through actions and
2  inactions thereby ratified such policies. Said DEFENDANTs also acted with
3  deliberate indifference to the foreseeable effects and consequences of these policies
4  with respect to the constitutional rights of PLAINTIFF, and other individuals
5  similarly situation.

6       60.    By perpetuating, sanctioning, tolerating and ratifying the outrageous
7  conduct and other wrongful acts, DEFENDANTS THE CITY, CHIEF MOORE,
8  ARRUE, CLARK, MARTIN and DOES 1-100 acted with an intentional, reckless,
9  and callous disregard toward Mr. STERN's constitutional and state rights.
10  DEFENDANTS and each of their actions were willful, wanton, oppressive,
11  malicious, fraudulent, and extremely offensive and unconscionable to any person
12  of normal sensibilities.

13       61.    PLAINTIFF is informed and believe and thereon allege that the acts of
14  the DEFENDANTS ARRUE, CLARK, MARTIN and DOES 1-100; were willful,
15  malicious, intentional, reckless and/or were performed in willful and conscious
16  disregard of Mr. STERN's rights, justifying the awarding of punitive and exemplary
17  damages against the individual Defendants in an amount to be determined at the
18  time of trial.

19       62.    Accordingly, DEFENDANTS are each liable to PLAINTIFF for
20  compensatory damages and individual DEFENDANTS are liable for punitive
21  damages, under 42 U.S.C. § 1983. PLAINTIFF seeks attorney fees under this claim
22  pursuant to 42 U.S.C. §1988.

23                    **SECOND CAUSE OF ACTION**
24       **FOURTH AMENDMENT TO THE U.S. CONSTITUTION (42 U.S.C.**
25                              **§ 1983)**
26                    **(AGAINST ALL DEFENDANTS)**

27       63.    The allegations set forth in this complaint are hereby re-alleged and
28  incorporated by reference.

*Stern v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                                             Carmen D. Sabater, Esq.
                                                                          Diem T. Ha, Esq.

64.    DEFENDANTS' conduct, described above, violated PLAINTIFF's rights to be free from unreasonable and excessive or arbitrary force without reasonable or probable cause under the Fourth Amendment to the United States Constitution.

65.    DEFENDANTS ARRUE, CLARK, and DOES 1-100, battered PLAINTIFF with a baton.

66.    DEFENDANTS DOE MARTIN AND ANOTHER DOE OFFICER shot PLAINTIFF with less lethal rounds multiple times resulting in multiple contusions, diminished mobility and inability to work for days.

67.    DEFENDANTS' conduct was excessive and unreasonable as PLAINTIFF and posed no immediate threat of death or serious bodily injury at the time of the shooting. PLAINTIFF possessed his press credentials when he sustained his injuries without receiving any audible orders from DEFENDANTS.

68.    Further, DEFENDANTS ARRUE, CLARK, MARTIN and DOES 1-100, conduct of shooting of less lethal weapons and excessive use of force violated their training and police officer standard training.

69.    DEFENDANTS DOES, who are supervisors, are liable for their direct actions as supervisors which caused the deprivation of Mr. STERN's constitutional rights.

70.    On information and belief, DEFENDANTS ARRUE, CLARK, MARTIN, and other DOES 1-100 involved were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Mr. STERN's injuries.

71.    On information and belief, THE CITY failed to properly and adequately train DEFENDANTS ARRUE, CLARK, MARTIN and DOES 1-100, including but not limited to, with regard to the use of physical force, and less than lethal force on individuals peacefully protesting and/or members of the press documenting the protests.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Stern v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                              Carmen D. Sabater, Esq.
                                                      Diem T. Ha, Esq.

72.     DEFENDANTS THE CITY and CHIEF MOORE are liable pursuant to *Monell* because it maintained, condoned and/or permitted a policy, custom and/or practice of conscious disregard of and reckless indifference to Constitutional rights which was a moving force in the violation of Mr. STERN's rights and/or because it ratified the unconstitutional conduct of its employees.

73.     DEFENDANTS THE CITY and CHIEF MOORE were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

74.     The failure of DEFENDANT THE CITY to provide adequate training caused the deprivation of PLAINTIFF' rights by DEFENDANTS DOE ARRUE, DOE CLARK, DOE MARTIN and DOES 1-100; that is Defendants' failure to train is so closely related to the deprivation of PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

75.     As a direct and legal result of DEFENDANTS' acts and omissions, Mr. STERN was injured and subjected to physical pain and suffering, and extreme and severe emotional distress.

76.     The aforementioned customs and practices of THE CITY were implemented and/or maintained with deliberate indifference to individuals' safety and rights.

77.     DEFENDANTS THE CITY, CHIEF MOORE, ARRUE, CLARK, MARTIN and DOES 1-100, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these DEFENDANTS condoned, tolerated and through actions and inactions thereby ratified such policies. Said DEFENDANTs also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF, and other individuals similarly situation.

78.     By perpetuating, sanctioning, tolerating, and ratifying the outrageous

18

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Stern v. City of Los Angeles, et al.*
Case No.: 2:21-CV-03760

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Diem T. Ha, Esq.

conduct and other wrongful acts, DEFENDANTS THE CITY, CHIEF MOORE, ARRUE, CLARK, MARTIN and DOES 1-100 acted with an intentional, reckless, and callous disregard toward Mr. STERN, and of the constitutional as well as human rights of PLAINTIFF. DEFENDANTS and each of them, actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

79.     PLAINTIFF is informed and believe and thereon allege that the acts of the DEFENDANTS ARRUE, CLARK, MARTIN and DOES 1-100; were willful, malicious, intentional, reckless and/or were performed in willful and conscious disregard of Mr. STERN's rights, justifying the awarding of punitive and exemplary damages against the individual Defendants in an amount to be determined at the time of trial.

80.     Accordingly, DEFENDANTS are each liable to PLAINTIFF for compensatory damages and individual DEFENDANTS are liable for punitive damages, under 42 U.S.C. § 1983. PLAINTIFF seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION

## VIOLATION OF BANE ACT (CIVIL CODE § 52.1)

## (AGAINST ALL DEFENDANTS)

81.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

82.     As alleged herein, DEFENDANTS, each of them, interfered by threats, intimidation, coercion or violence with PLAINTIFF's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity and protection from bodily harm, including his rights under Civil Code § 43, Penal Code §§ 149, 240, and 242, and his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and his rights under

19

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Stern v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                                                  Carmen D. Sabater, Esq.
                                                                          Diem T. Ha, Esq.

Article 1, Sections 1, 7 and/or 13 of the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

83.	DEFENDANTS' conduct caused PLAINTIFF extreme pain and suffering both with regards to physical and mental suffering.

84.	As a result of their conduct, DEFENDANTS are liable for PLAINTIFF's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

85.	As a direct and legal result of DEFENDANTS' acts and omissions, PLAINTIFF suffered damages, including, without limitation, pain and suffering, physical injuries and sickness, emotional distress, psychological injury, medical expenses, attorneys' fees, and costs of suit.

86.	PLAINTIFF is informed and believes, and thereon alleges, that the acts of the individual DEFENDANTS were willful, malicious, intentional, oppressive, reckless and/or were done win willful and conscious disregard of the rights, welfare, and safety of PLAINTIFF, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

87.	PLAINTIFF brings this claim seeking all damages under state law. PLAINTIFF also seeks reasonable attorneys' fees under this claim pursuant to Civil Code Section 52.1.

## FOURTH CAUSE OF ACTION

### ASSAULT AND BATTERY (GOV. CODE § 820 and CALIFORNIA COMMON LAW)

### (AGAINST ALL DEFENDANTS)

88.	The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

89.	DEFENDANTS ARRUE, CLARK, MARTIN, and DOES  1-100 while working as police officers for the LAPD and acting within the course and

20

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Stern v. City of Los Angeles, et al.*
Case No.: 2:21-CV-03760

V. James DeSimone, Esq.
Carmen D. Sabater, Esq.
Diem T. Ha, Esq.

scope of their duties, employed by THE CITY, wrongfully, unlawfully, intentionally, and violently touched and battered Mr. STERN sustaining serious injuries.

90.     DEFENDANTS ARRUE, CLARK, MARTIN, and DOES 1-100 had no legal justification for their actions, and DEFENDANTS ARRUE, CLARK, MARTIN, and DOES 1-100 use of force against Mr. STERN, unjustified battering of his ribs with a baton, shooting less lethal projectiles and ignoring pleas that PLAINTIFF is a member of the press. DEFENDANTS used threatening conduct while PLAINTIFF received no audible orders, while carrying out their duty as officers and as THE CITY employees was an unreasonable use of force.

91.     DEFENDANTS ARRUE, CLARK, MARTIN, and DOES 1-100 also intentionally used unreasonable force against PLAINTIFF including, but not limited to, battered ribs with a baton and multiple shots of less lethal rounds on PLAINTIFF to cause severe physical pain, multiple contusions, diminished mobility, and capacity to work and mental and emotional distress when he posed no threat to the officers or anyone else and did not receive audible orders from the officers.  Upon information and belief, PLAINTIFF was assaulted, battered and shot.

92.     As a direct and proximate result of DEFENDANTS' conduct as alleged above, Ms. STERN was caused to suffer severe pain and suffering.

93.     THE CITY is vicariously liable for DEFENDANTS ARRUE, CLARK, MARTIN, and DOES' 1-100 wrongful acts pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

94.     PLAINTIFF is informed and believes and thereon alleges that the DEFENDANTS' conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling PLAINTIFF to

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Stern v. City of Los Angeles, et al.*                                V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                                               Carmen D. Sabater, Esq.
                                                                      Diem T. Ha, Esq.

1     an award of exemplary and punitive damages in an amount to be determined at time

2     of trial.

3         95.     As a result of their conduct, DEFENDANTS are liable for

4     PLAINTIFF's injuries, either because they were integral participants in the assault

5     and battery, or because they failed to intervene to prevent these violations, or

6     under the doctrine of *respondeat superior*.

7         96.     PLAINTIFF is seeking all damages under this claim.

8

## FIFTH CAUSE OF ACTION

9

## NEGLIGENCE (GOV. CODE § 820 and CALIFORNIA COMMON

10

## LAW)

11

## (AGAINST ALL DEFENDANTS)

12         97.     PLAINTIFF re-alleges the information set forth in the preceding

13     paragraphs and incorporates them into this cause of action as if they were fully

14     alleged herein.

15         98.     Defendants owed a duty of care to PLAINTIFF and were required to

16     use reasonable diligence to ensure that Mr. STERN were not harmed by

17     Defendants' acts or omissions.

18         99.     The actions and omissions of DEFENDANT DOES 1 -100 toward

19     PLAINTIFF were negligent and reckless, including but not limited to:

20         a.     The failure to properly and adequately assess the need to and use force

21     against PLAINTIFF;

22         b.     The failure to monitor and record any use of force by THE CITY,

23     including DEFENDANTS DOES 1-100;

24         c.     The failure to monitor and record any injuries specifically caused by

25     the use of force by THE CITY, CHIEF MOORE, including DEFENDANTS

26     ARRUE, CLARK, MARTIN, and DOES 1-100;

27         d.     The negligent tactics and handling of the situation with PLAINTIFF;

28         e.     The negligent use of force against PLAINTIFF including striking him

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Stern v. City of Los Angeles, et al.*                              V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                                  Carmen D. Sabater, Esq.
                                                         Diem T. Ha, Esq.

in the ribs with a baton, shooting less lethal projectiles that struck PLAINTIFF multiple times left him in a state of torturous pain;

f.      The failure to properly train and supervise employees, both professional and less professional, including DEFENDANTS DOES 1-100;

g.      The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of PLAINTIFF;

h.      The failure to provide prompt medical care to PLAINTIFF; and

i.      The negligent handling of evidence and witnesses.

100.   As a direct and proximate result of DEFENDANTS' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer severe pain and suffering, both physically and emotionally.

101. In addition, at the aforementioned date, time and place, DEFENDANTS negligently, carelessly and without reasonable care, prodded, shot and violently battered PLAINTIFF.

102. DEFENDANTS ARRUE, CLARK, MARTIN and/or other employees of the LAPD, while acting within the course and scope of their employment and duties, failed to use proper pre-shooting less lethal and use of force-related police. Consequently, Plaintiffs allege that their negligent acts and omissions were a direct cause of Mr. STERN's injuries.

103.   DEFENDANT THE CITY is vicariously liable for the wrongful acts of DEFENDANTS pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

104.   The aforementioned acts and omissions of DEFENDANTS ARRUE, CLARK, MARTIN, and DOES 1-100 were committed by them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress

23

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Stern v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                          Carmen D. Sabater, Esq.
                                                              Diem T. Ha, Esq.

PLAINTIFF, with conscious disregard to his known rights and deliberate indifference to the risk of injury to PLAINTIFF. By reason thereof, PLAINTIFF seeks punitive and exemplary damages from DEFENDANTS, and each of them, (except DEFENDANT THE CITY) in an amount as proved.

105. DEFENDANT THE CITY knew or reasonably should have known that DEFENDANTS ARRUE, CLARK, MARTIN, and DOES 1-100 would engage in such a violent misconduct against PLAINTIFF, during the course and scope of their employment, and that, as a direct and proximate result of those violations, PLAINTIFF would suffer injuries as alleged herein.

106. DEFENDANTS had the authority to supervise, prohibit, control, and/or regulate DEFENDANT officers so as to prevent these acts and omissions from occurring.

107. DEFENDANTS failed to exercise due care by hiring, retaining and failing to supervise, prohibit, control or regulate DEFENDANTS ARRUE, CLARK, MARTIN, and DOES 1-100. As a direct and proximate result of DFEENDANTS' negligent hiring, retention and supervision, control and regulation of DEFENDANT officers, PLAINTIFF has suffered and continues to suffer injuries entitling him to damages in amounts to be proven at trial.

108. By the aforesaid acts and omissions of DEFENDANTS, and each of them, PLAINTIFF has been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

109. As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, PLAINTIFF has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, psychological harm, physical pain and suffering. The exact nature and extent of said injuries is presently unknown to Mr. STERN. PLAINTIFF does not know at

24

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Stern v. City of Los Angeles, et al.*          V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                          Carmen D. Sabater, Esq.
                                                 Diem T. Ha, Esq.

this time the exact duration or permanence of said injuries but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

110.   As a result of their conduct, DEFENDANTS are liable for PLAINTIFF's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

111.   PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of PLAINTIFF, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (AGAINST ALL DEFENDANTS)

112.   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

113.   DEFENDANTS ARRUE, CLARK, MARTIN, and DOES 1-100 conduct as described above was extreme and outrageous and was done with the intent of causing PLAINTIFF to suffer emotional distress or with reckless disregard as to whether their conduct would cause her to suffer such distress.

114.   By the aforesaid acts and omissions of DEFENDANT officers, and each of them, Ms. STERN has been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

115.   As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, PLAINTIFF has been caused to

PLAINTIFF'S COMPLAINT FOR DAMAGES

*Stern v. City of Los Angeles, et al.*                              V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                                        Carmen D. Sabater, Esq.
                                                                          Diem T. Ha, Esq.

and did suffer and continues to suffer physical pain and injury, severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering.  The exact nature and extent of said injuries is presently unknown to Mr. STERN.  PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

116.  As a result of their conduct, DEFENDANTS are liable for PLAINTIFF's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

117.  PLAINTIFF is informed and believes, and thereon alleges, that the DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of PLAINTIFF, thereby justifying the award of punitive and exemplary damages in an amount to be determine at trial.

## SEVENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ALL DEFENDANTS)

118.  The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

119.  In the alternative, DEFENDANTS ARRUE, CLARK, MARTIN, and DOES 1-100 conduct as described above was done in a careless or negligent manner, without consideration for the effect of such conduct upon PLAINTIFF's emotional well-being.

120.  By the aforesaid acts and omissions of DEFENDANT officers, and each of them, Ms. STERN has been directly and legally caused to suffer actual

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Stern v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                              Carmen D. Sabater, Esq.
                                                               Diem T. Ha, Esq.

1  damages including, but not limited to, extreme pain and suffering both with regards
2  to physical and mental suffering.

3      121.   As a further direct and legal result of the acts and conduct of
4  DEFENDANTS, and each of them, as aforesaid, PLAINTIFF has been caused to
5  and did suffer and continues to suffer physical pain and injury, severe emotional
6  and mental distress, anguish, humiliation, embarrassment, fright, shock, pain,
7  discomfort, anxiety, physical pain and suffering.  The exact nature and extent of
8  said injuries is presently unknown to Mr. STERN.  PLAINTIFF does not know at
9  this time the exact duration or permanence of said injuries but is informed and
10  believes, and thereon alleges, that some if not all of the injuries are reasonably
11  certain to be permanent in character.

12      122.   As a result of their conduct, DEFENDANTS are liable for
13  PLAINTIFF's injuries, either because they were integral participants in the assault
14  and battery, or because they failed to intervene to prevent these violations, or under
15  the doctrine of *respondeat superior*.

16      123.   PLAINTIFF is informed and believes, and thereon alleges, that the
17  DEFENDANTS, and each of them, by engaging in the aforementioned acts and/or
18  in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional,
19  oppressive and despicable conduct, and acted with willful and conscious disregard
20  of the rights, welfare, and safety of PLAINTIFF, thereby justifying the award of
21  punitive and exemplary damages in an amount to be determine at trial.

22                    **PRAYER FOR RELIEF**

23      **WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS
24  CITY OF LOS ANGELES, CHIEF MICHEL MOORE, ARRUE, CLARK,
25  MARTIN, DOES 1-100, and each of them, as follows:

26      1.      For general economic and non-economic damages according to proof;
27      2.      For special damages according to proof;
28      3.      For punitive damages where allowed by law against the individual,

27

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Stern v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                                    Carmen D. Sabater, Esq.
                                                           Diem T. Ha, Esq.

1 non-government entity, DEFENDANTS in an amount to be proven at trial;

2     4.     For equitable relief;

3     5.     For prejudgment interest;

4     6.     For costs of suit incurred herein;

5     7.     For attorney's fees as allowed by law;

6     8.     For civil penalties as allowed by law;

7     9.     For such other and further relief as this Court deems just and proper,

8 and appropriate.

9

10

11 Date: May 4, 2021                     **V. JAMES DESIMONE LAW**

12

13                           By: _____

14                           V. JAMES DESIMONE, ESQ.

15                           CARMEN SABATER, ESQ.
                          DIEM T. HA, ESQ.

16

17                           Attorneys for PLAINTIFF,
                          NICHOLAS STERN

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Stern v. City of Los Angeles, et al.*                           V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                               Carmen D. Sabater, Esq.
                                                      Diem T. Ha, Esq.

1

## **DEMAND FOR JURY TRIAL**

2          PLAINTIFF hereby demands a trial by jury.

3

4    Date: May 4, 2021                              **V. JAMES DESIMONE LAW**

5

6                                                   By: _____

7                                                   V. JAMES DESIMONE, ESQ.
                                                    CARMEN SABATER, ESQ.
8                                                   DIEM T. HA, ESQ.

9
                                                    Attorneys for PLAINTIFF,
10                                                  NICHOLAS STERN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Stern v. City of Los Angeles, et al.*                          V. James DeSimone, Esq.
Case No.: 2:21-CV-03760                                         Carmen D. Sabater, Esq.
                                                                Diem T. Ha, Esq.