Nathan A. Oyster (SBN 225307)
E-mail: noyster@bwslaw.com
Charles E. Slyngstad (SBN 89103)
E-mail: cslyngstad@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendants
CITY OF LOS ANGELES and CHIEF MICHEL MOORE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NICHOLAS STERN,

Plaintiff,

v.

CITY OF LOS ANGELES, a municipal entity; CHIEF MICHEL MOORS; CHRISTIAN ARRUE; NICHOLAS CHACON; DAVID MARTIN; and DOES 2-100 inclusive,

Defendants.

Case No. 2:21-cv-03760-CBM-AS

**ANSWER OF DEFENDANTS CITY OF LOS ANGELES AND CHIEF MICHEL MOORE TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

Judge Consuelo B. Marshall

COMES NOW DEFENDANTS CITY OF LOS ANGELES and CHIEF MICHEL MOORE (hereinafter "Defendants"), answering Plaintiff's Complaint for themselves and for no other parties, admit, deny, and allege as follows:

1. In answering paragraphs 1, 3-4, 6-11, 24-25, 27, 38-41, 43-62, 64-80, 82-87, 89-92, 94-97, 99-112, 114-118, 120-124, and the prayer for relief of the First Amended Complaint, Defendants deny any and all allegations of the respective paragraphs.

2. In answering paragraphs 2, 5, 12-13, 17-20, 23, 26, and 30-37 of the First Amended Complaint, Defendants lack sufficient information to respond to the allegations of the respective paragraphs and therefore denies any and all allegations.

3. In answering paragraph 14, Defendants admit that at all relevant times Defendant Arrue was acting under the color of law and acting in the course and scope of his employment as a Police Officer with the Los Angeles Police Department. As to the remainder of the allegations, Defendants lack sufficient information or belief to enable Defendants to answer the allegations, and on that ground, deny each and every other allegation contained therein.

4. In answering paragraph 15, Defendants admit that at all relevant times Defendant Chacon was acting under the color of law and acting in the course and scope of his employment as a Police Officer with the Los Angeles Police Department. As to the remainder of the allegations, Defendants lack sufficient information or belief to enable Defendants to answer the allegations, and on that ground, deny each and every other allegation contained therein.

5. In answering paragraph 16, Defendants admit that at all relevant times Defendant Martin was acting under the color of law and acting in the course and scope of his employment as a Police Officer with the Los Angeles Police Department. As to the remainder of the allegations, Defendants lack sufficient information or belief to enable Defendants to answer the allegations, and on that ground, deny each and every other allegation contained therein.

6. In answering paragraph 21 of the First Amended Complaint, Defendants admit that the City of Los Angeles is an incorporated city, duly organized under the laws of the State of California. As to the additional allegations made in these paragraphs, Defendants lack sufficient information to respond to the allegations of the respective paragraphs and therefore deny any and all allegations.

7. In answering paragraph 22, Defendants admit that at all relevant times Chief Michel Moore was acting under the color of law and acting in the course and scope of his employment as the Chief of Police of the Los Angeles Police Department. As to the remainder of the allegations, Defendants lack sufficient information or belief to enable Defendants to answer the allegations, and on that

ground, deny each and every other allegation contained therein.

8. In answering paragraph 28 of the First Amended Complaint, Defendants admit that jurisdiction is properly vested in this Court and that venue is proper in the Central District of California. As to the additional allegations made in these paragraphs, Defendants deny any and all allegations.

9. In answering paragraph 29 of the First Amended Complaint, Defendants admit that venue is proper in the Central District of California. As to the additional allegations made in these paragraphs, Defendants deny any and all allegations.

10. In answering paragraph 42 of the First Amended Complaint, Defendants hereby incorporate their responses to paragraphs 1-41 of the First Amended Complaint.

11. In answering paragraph 63 of the First Amended Complaint, Defendants hereby incorporate their responses to paragraphs 1-62 of the First Amended Complaint.

12. In answering paragraph 81 of the First Amended Complaint, Defendants hereby incorporate their responses to paragraphs 1-80 of the First Amended Complaint.

13. In answering paragraph 88 of the First Amended Complaint, Defendants hereby incorporate their responses to paragraphs 1-87 of the First Amended Complaint.

14. Paragraph 93 of the First Amended Complaint is blank; therefore, Defendants are unable to respond to paragraph 93 of the First Amended Complaint.

15. In answering paragraph 98 of the First Amended Complaint, Defendants hereby incorporate their responses to paragraphs 1-97 of the First Amended Complaint.

16. In answering paragraph 113 of the First Amended Complaint, Defendants hereby incorporate their responses to paragraphs 1-112 of the First

Amended Complaint.

17. In answering paragraph 119 of the First Amended Complaint, Defendants hereby incorporate their responses to paragraphs 1-118 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendants allege as follows:

### First Affirmative Defense

18. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

19. Defendants deny that Plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

### Third Affirmative Defense

20. Defendants denies that they violated Plaintiff's First, Fourth, or Fourteenth Amendment rights, or any other federal, constitutional, or other rights.

### Fourth Affirmative Defense

21. To the extent that any force was used against Plaintiff, the force used was privileged and reasonable as a matter of law.

### Fifth Affirmative Defense

22. Plaintiff's own conduct estops Plaintiff from claiming the damages alleged in the First Amended Complaint.

### Sixth Affirmative Defense

23. To the extent that Plaintiff has alleged a supplemental state law cause of action, he has failed to submit a timely Government Claim, as required by the California Tort Claims Act of 1963, which is codified as California Government Code § 810-998.3, which bars this Court from hearing those claims.

**Seventh Affirmative Defense**

24. Defendants are immune from liability for his actions by the application of one or more of the immunities set forth in the California Government Code, including the immunities set forth in §§ 815.2, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821.6, 821.8, 822.2, 844, 845.6, and 845.8.

**Eighth Affirmative Defense**

25. Plaintiff's cause of action for a Fourth or Fourteenth Amendment violation is barred because any force used by Defendants was privileged as reasonable to defend oneself or others.

**Ninth Affirmative Defense**

26. To the extent that Plaintiff suffered any damages, which Defendants deny, the damages were suffered in whole, or in part, by the negligence of Plaintiff, and the damages of Plaintiff should be reduced by a proportional amount.

**Tenth Affirmative Defense**

27. The damages alleged were directly and proximately caused and contributed to by the negligence of other persons, and the extent of damages sustained, if any, should be reduced in proportion to the amount of said negligence.

**Eleventh Affirmative Defense**

28. Plaintiff's damages, if any, should be reduced because of Plaintiff's failure to mitigate his damages, if any.

**Twelfth Affirmative Defense**

29. Defendants are immune from the imposition of punitive damages in their official capacity.

**Thirteenth Affirmative Defense**

30. Punitive Damages cannot be imposed against a public entity.

**Fourteenth Affirmative Defense**

31. Because the First Amended Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to

this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**Fifteenth Affirmative Defense**

32. Plaintiff's claims are barred by the failure to comply with the applicable statute of limitations, including but not limited to California Government Code § 945.6.

**Sixteenth Affirmative Defense**

33. The individual Defendants are entitled to qualified immunity from suit, because no reasonable police officer in the position of the individual Defendants would have believed their conduct to be a violation of Plaintiff's Constitutional rights.

**DEMAND FOR JURY TRIAL**

Defendants CITY OF LOS ANGELES and CHIEF MICHEL MOORE demand a trial before a jury on all issues presented by Plaintiff's First Amended Complaint triable to a jury.

WHEREFORE, Defendants pray that:

1. Judgment be rendered in favor of Defendants CITY OF LOS ANGELES and CHIEF MICHEL MOORE and against Plaintiff NICHOLAS STERN;

2. Plaintiff NICHOLAS STERN takes nothing by this action;

3. Defendants CITY OF LOS ANGELES and CHIEF MICHEL MOORE be awarded costs of suit incurred herein; and

///

///

///

///

///

4. Defendants CITY OF LOS ANGELES and CHIEF MICHEL MOORE be awarded such other and further relief as the Court may deem necessary and proper.

Dated: May 6, 2022

BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Nathan A. Oyster*
      Nathan A. Oyster

Attorneys for Defendants
CITY OF LOS ANGELES and CHIEF MICHEL MOORE