1  Nathan A. Oyster (SBN 225307)
   E-mail: noyster@bwslaw.com
2  Caylin W. Jones (SBN 327829)
   E-mail: cjones@bwslaw.com
3  Charles E. Slyngstad (SBN 89103)
   E-mail: cslyngstad@bwslaw.com
4  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
5  Los Angeles, CA  90071-2953
   Tel:  213.236.0600      Fax:  213.236.2700
6
7  Attorneys for Defendants
   CITY OF LOS ANGELES and DAVID MARTIN

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  NICHOLAS STERN,                     Case No.  2:21-cv-03760-CBM-AS

12              Plaintiff,              **DEFENDANTS CITY OF LOS
                                        ANGELES AND DAVID MARTIN'S
13  v.                                  NOTICE OF MOTION AND
                                        MOTION IN LIMINE NO. 2 TO
14  CITY OF LOS ANGELES, a              EXCLUDE EVIDENCE OF CLASS
    municipal entity; et al,            ACTION SETTLEMENTS OR LOS
15                                       ANGELES POLICE DEPARTMENT
                                        SETTLEMENTS WITH OTHER
16              Defendants.             MEDIA**

17                                      *Filed concurrently with Declaration of
                                        Nathan A. Oyster and [Proposed] Order*
18

19                                      Hearing:

20                                      Date:       August 15, 2023
                                        Time:       2:30 p.m.
21                                      Courtroom:  8D

22                                      Judge Consuelo B. Marshall

23       TO THE HONORABLE COURT, AND TO PLAINTIFF AND HIS

24  ATTORNEYS OF RECORD:

25       PLEASE TAKE NOTICE that on August 15, 2023 at 2:30 p.m. in Courtroom

26  8D of the above-entitled Court, located at 350 West First Street, Los Angeles,

27  California, Defendants CITY OF LOS ANGELES and DAVID MARTIN

28  ("Defendants") will and hereby do move this Court in limine, for an order

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

2:21-CV-03760-CBM-AS
DEFENDANTS' MOTION IN LIMINE TWO

precluding Plaintiff NICHOLAS STERN ("Plaintiff") from referencing and presenting evidence or argument related to any class action settlement by the Los Angeles Police Department with media, particularly the "Crespo" settlement.  This motion is made following the meet and confer effort, including conference of counsel pursuant to Local Rules 7-3 and 16-2, on July 13, 2023.

This motion is made pursuant to Federal Rules of Evidence 401, 402, 403, and 408 and is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the supporting Declaration of Nathan A. Oyster and exhibits attached thereto, and any other oral or documentary evidence that may be presented to the Court in support of this motion at the time of the hearing.

Dated:  July 18, 2023

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Caylin W. Jones

Nathan A. Oyster
Caylin W. Jones
Attorneys for Defendants
CITY OF LOS ANGELES and DAVID MARTIN

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I. INTRODUCTION

3       This case arises out of the 2020 protests regarding the death of George Floyd.

4 On May 30, 2020, officers from the Los Angeles Police Department responded to

5 multiple locations throughout the city to enforce the law at the various protest

6 locations.  Defendant Officer David Martin responded to the area of Third Street

7 and West of Fairfax Avenue in the City of Los Angeles.  During the incident

8 protesters took a City bus hostage, lit multiple police vehicles on fire and threw

9 rocks, bottles of urine, and other objects at officers.  As such, an unlawful assembly

10 was declared.  To assist in clearing out the area Defendant Officer Martin used his

11 less lethal 37 millimeter launcher, a device which shoots small foam rounds at the

12 ground which then skip up and hit the lower portion of a person's body.  While

13 trying to clear the protesters out, one of the small foam rounds hit the ground in

14 front of Plaintiff and then struck him in the leg.  Plaintiff suffered no serious

15 injuries.

16       At trial, it is anticipated that Plaintiff will present evidence of a settlement

17 that the City of Los Angeles entered into following a lawsuit brought by seven

18 journalists in <u>Crespo v. City of Los Angeles</u> (CV 00-8869) ("Crespo settlement").

19 Further, Defendants believe that Plaintiff will introduce evidence regarding other

20 unrelated class action lawsuits against the City of Los Angeles.  Plaintiff's

21 remaining claims in the lawsuit are all premised on whether Officer David Martin

22 used reasonable force when trying to clear out protesters and whether Officer

23 Martin violated Plaintiff's First Amendment rights.  Plaintiff was not a party to the

24 prior lawsuits — including the Crespo lawsuit — and has not, and cannot, bring a

25 claim against the City of Los Angeles for any violation of the settlement terms.

26 Thus, as discussed below evidence or reference to the Crespo settlement or other

27 class action settlements involving the City of Los Angeles is irrelevant and

28 designed solely to confuse the jury on the issues in the case.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

2:21-CV-03760-CBM-AS
DEFENDANTS' MOTION IN LIMINE TWO

1

**A. <u>Evidence Related to Other Settlements Involving the City of Los Angeles are Irrelevant and Inadmissible Under Federal Rule of Evidence 408.</u>**

Federal Rules of Evidence, Rule 402 provides that evidence which is not relevant is not admissible.  FED. R. EVID. 402; <u>United States v. Schaff</u>, 948 F.2d 501 (9th Cir. 1991).  Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  <u>See</u> FED. R. EVID. 401.

Evidence of, or reference to other unrelated settlements involving the City of Los Angeles — which do not involve Plaintiff — are not relevant to the ultimate issue in the case, i.e., whether Officer David Martin used excessive force against Plaintiff on May 30, 2020 or whether Officer Martin violated Plaintiff's First Amendment rights.  The only evidence relevant to this claim is what occurred between Plaintiff and Officer David Martin on May 30, 2020.  Further, while Plaintiff's operative Second Amended Complaint (Dkt. 67) included a  <u>Monell</u> claim against the City, Plaintiff has since agreed to dismiss that claim (Dkt. 87). Given that Plaintiff dismissed his <u>Monell</u> claim against the City of Los Angeles, evidence of other lawsuits and subsequent settlements entered into by the Los Angeles Police Department are particularly irrelevant.  Such evidence is likely to confuse the jury, waste time and create a mini-trial in which the City would have to call a variety of witnesses to defend itself regarding claims and agreements made in an entirely separate lawsuit.  All of the claims in this case center on Officer Martin's use of force and whether that use of force was excessive or unreasonable and evidence or testimony other settlement agreements do not have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable" and thus, should be excluded.

Further, evidence of a settlement is expressly inadmissible under Federal Rule of Evidence 408:

Evidence of the following is not admissible--on behalf of
any party--either to prove or disprove the validity or
amount of a disputed claim or to impeach by a prior
inconsistent statement or a contradiction:

**(1)** furnishing, promising, or offering--or accepting,
promising to accept, or offering to accept--a valuable
consideration in compromising or attempting to
compromise the claim; and

**(2)** conduct or a statement made during compromise
negotiations about the claim--except when offered in a
criminal case and when the negotiations related to a claim
by a public office in the exercise of its regulatory,
investigative, or enforcement authority.

Numerous courts have held that evidence of a settlement, whether involving the same parties or different parties, is inadmissible at trial to prove liability.  See Bradbury v. Phillips Petroleum Co., C.A.10 (Colo.) 1987, 815 F.2d 1356. ("In our view, when the issue is doubtful, the better practice is to exclude evidence of compromises or compromise offers."); see also Buckman v. Bombardier Corp., E.D.N.C.1995, 893 F.Supp. 547. (Holding evidence of settlement between wife and manufacturer of recreational watercraft with respect to wife's loss of consortium claim was inadmissible to prove manufacturer's liability on husband's claims.);  see also U.S. v. Quality Built Const., E.D.N.C.2005, 358 F.Supp.2d 487. (Holding rule making inadmissible evidence of offers of settlement, including settlements between party and non-party, precluded admission of evidence of consent decree reached in unrelated case at trial on remedies in government enforcement action brought against builder of housing complexes and related defendants under Fair Housing Act (FHA).)  Thus, evidence of prior settlements between the City of Los

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

2:21-CV-03760-CBM-AS
DEFENDANTS' MOTION IN LIMINE TWO

1   Angeles and unrelated parties is not only irrelevant but inadmissible under Federal

2   Rules of Evidence 408.

3   **B.  Evidence Related to Other Settlements Involving the City of Los Angeles**

4   **Is Prejudicial.**

5   Not only is evidence of other settlements irrelevant to the issues to be tried,

6   allowing Plaintiff to present such evidence or argument at trial would be highly

7   prejudicial to Defendants.  Federal Rules of Evidence, Rule 403 authorizes the

8   exclusion of relevant evidence when its, "probative value is substantially

9   outweighed by the danger of one or more of the following: unfair prejudice,

10  confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

11  presenting cumulative evidence."  See FED. R. EVID. 403; see also Old Chief v.

12  United States, 519 U.S. 172, 180 (1997).

13  "Unfair prejudice" for purposes of Rule 403 means an "undue tendency to

14  suggest decision on an improper basis, commonly, though not necessarily, an

15  emotional one."  Old Chief, 519 U.S. at 180.  "It is evidence which appeals to the

16  jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or

17  otherwise may cause a jury to base its decision on something other than the

18  established propositions in the case."  United States v. Skillman, 922 F.2d 1370,

19  1374 (9th Cir. 1990).

20  As explained above, Plaintiff has dismissed his Monell claims against the

21  City.  The remaining claims against the City of Los Angeles and David Martin are

22  all predicated on whether Officer Martin's use of force against Plaintiff was

23  reasonable.  Allowing Plaintiff to present evidence of unrelated settlements in order

24  to argue to the jury that the City violated the terms of a settlement, a settlement

25  which Plaintiff is not a party to, would confuse the jury and create a mini-trial on

26  unrelated issues and parties.  The only reason Plaintiff would want to introduce the

27  evidence would be to impassion the jury, confuse the issues, and induce them into

28  potentially awarding damages on the basis of other unrelated settlement agreements

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

2:21-CV-03760-CBM-AS
DEFENDANTS' MOTION IN LIMINE TWO

and claims outside the scope of Plaintiff's operative Second Amended Complaint.
Thus, the Court should exclude this evidence.

## II.    <u>CONCLUSION</u>

For these reasons, evidence relating to any other class action lawsuits and
prior settlement agreements involving the City of Los Angeles/ Los Angeles Police
Department including the Crespo settlement should be excluded.


Dated:  July 18, 2023                         BURKE, WILLIAMS & SORENSEN, LLP


                                             By: /s/ Caylin W. Jones
                                                  Nathan A. Oyster
                                                  Caylin W. Jones
                                             Attorneys for Defendants
                                             CITY OF LOS ANGELES and DAVID
                                             MARTIN

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

- 7 -

2:21-CV-03760-CBM-AS
DEFENDANTS' MOTION IN LIMINE TWO